FILED

April 20 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 10-0259

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 85N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SHANE PHILLIP NICKERSON,

      Defendant and Appellant.

APPEAL FROM:      District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 08-402 (C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Lori Adams, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:   March 23, 2011

Decided:   April 20, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shane Nickerson appeals his jury conviction of assault on a minor and asserts claims of ineffective assistance of counsel (IAC). We reverse in part and affirm in part.

## ISSUES

¶3 A restatement of Nickerson's issues on appeal is:

¶4 Did the State fail to prove an essential element of assault on a minor?

¶5 Did trial counsel provide ineffective assistance by failing to request a unanimity instruction regarding the assault on a minor count?

¶6 Did trial counsel provide ineffective assistance by failing to object to the District Court's use of a psychosexual evaluation that relied in part upon Nickerson's denial of guilt?

## STANDARD OF REVIEW

¶7 We review a district court's denial of a motion to dismiss for insufficient evidence de novo, because evidence is either sufficient or it is not. *State v. Bullman*, 2009 MT 37, ¶ 14, 349 Mont. 228, 203 P.3d 768 (citations omitted).

¶8 Claims of ineffective assistance of counsel are mixed questions of fact and law for which we review de novo. *State v. Maynard*, 2010 MT 115, ¶ 11, 356 Mont. 333, 233 P.3d 331.

## DISCUSSION

¶9 This case arises from various injuries inflicted upon a nine-month-old boy on August 9, 2008. The infant and his mother were staying in Nickerson's home at the time. On August 11, 2008, Nickerson was charged with the following four felonies: sexual intercourse without consent, aggravated assault, sexual assault, and criminal endangerment. On October 14, 2009, the State amended its Information by adding a charge of felony assault on a minor. On October 30, 2009, a jury found Nickerson guilty of sexual assault, aggravated assault, criminal endangerment and assault on a minor. Following Nickerson's conviction, the Eleventh Judicial District Court ordered a pre-sentence investigation (PSI) and a psychosexual evaluation. On February 4, 2010, Nickerson was sentenced to Montana State Prison (MSP) for a term on 50 years for sexual assault. He also was sentenced to the following concurrent sentences: 20 years for aggravated assault, 10 years for criminal endangerment and 5 years for assault on a minor. He appeals his assault on a minor conviction and asserts ineffective assistance of counsel claims.

¶10 It is undisputed and the State concedes that it failed to establish an essential element of the crime of assault on a minor. Section 45-5-212(1), MCA, requires that a person committing assault on a minor must be over 18 years of age at the time of the assault and the victim must be under 14 years of age. According to the record, Nickerson

was 20 years old at the time the crime was committed, but he appeared youthful and his true age was not readily apparent. The State was obligated to present evidence of his age as an element of the crime but it failed to do so. As a result, this charge must be dismissed. We remand to the District Court with instructions to strike Nickerson's conviction of assault on a minor and the associated concurrent sentence of 5 years. Because we have vacated Nickerson's conviction of assault on a minor, his ineffective assistance of counsel claim associated with this conviction is moot.

¶11 Lastly, Nickerson claims his counsel was ineffective for failing to object to the District Court's use of Nickerson's psychosexual evaluation in sentencing. The evaluator recommended that Nickerson receive a Tier 3 offender status (the highest level risk to sexually re-offend) based in part on Nickerson's repeated denials that he committed any of these offenses. The District Court adopted the recommendation, and based on multiple factors sentenced him as described above. Because we conclude the District Court did not err in relying, in part, on the psychosexual evaluation when sentencing Nickerson, *see State v. Knox*, 2001 MT 232, ¶ 21, 307 Mont. 1, 36 P.3d 383, Nickerson's counsel was not ineffective for failing to object. Therefore, Nickerson's claim of IAC is without merit.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law. The State failed to establish an essential element of assault of a minor; therefore, that conviction and its

4

concomitant sentence must be dismissed. We affirm the District Court as to the remaining issue.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE